UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

    Plaintiff

vs.　　　　　　　　　　　　　　　　　　　Case No. 2:24-cv-11439

**DAVID JANKOWSKI**
**FIFTH THIRD BANK**
**VAN BUREN COUNTY TREASURER**

    Defendants

**UNITED STATES OF AMERICA'S PETITION TO FORECLOSE LIEN**

**NOW COMES** the United States of America, pursuant to *28 U.S.C. §§ 2001-2003* and *18 U.S.C. §§ 3613* and *3664*,

### JURISDICTION AND VENUE

1. This is an action to foreclose on real property subject to a criminal judgment lien.

2. The Court has jurisdiction under *28 U.S.C. § 1345* because the United States is the Plaintiff, and under *28 U.S.C. § 1355* because proceedings for collection of restitution are equivalent to proceedings for the collection of fines.

3. The Court has jurisdiction over the parties pursuant to *28 U.S.C. § 3203*; nationwide service is authorized under *28 U.S.C. § 3202*.

4. Venue is proper under *28 U.S.C. § 1395(a)* because the underlying debt owed to

the United States arose from a restitution order issued in this district, and under *28 U.S.C. § 1395(b)* because the subject property is located in this district.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant David Jankowski is a criminal restitution debtor who owns the real property located at 301 N. Shore Drive, South Haven, MI (the "Real Property"), which is legally described as:

> Lots 29 and 30, Napier's Addition to the Village, (now City) of South Haven, according to the amended recorded plat thereof being a part of the South half of the North fractional half of Section 3, Town 1 South, Range 17 West, according to the Government Survey thereof.

> Also, commencing at the Northeasterly corner of Lot 29, Block 1, Dyckman and Woodman's Addition to the Village (now City) of South Haven, according to the recorded plat thereof, thence Southerly on the Easterly line of said Lot, 47 links; thence Westerly at right angles at said street to the North line of said Lot 1; thence Easterly on same to beginning, being a part of the Southwest fraction of Section 3, Town 1 South, Range 17 West, according to the Government Survey thereof.

> Parcel ID # 80-53-831-029-00

7. On information and belief, Fifth Third Bank holds a note that may be secured by the Real Property ("the Fifth Third Mortgage"); Fifth Third Bank may be served via its resident agent CSC-Lawyers Incorporating Service, 3410 Belle Chase

Way, Suite 600, Lansing, MI 48911, as per records maintained by the Michigan Department of Insurance and Financial Services.

8. Defendant Van Buren County Treasurer is a taxing authority for the county in Michigan where the Real Property is located, and to which the Defendant may owe real property taxes. The Van Buren County Treasurer is named as a defendant to provide notice and an opportunity to be heard, and is located at 219 E. Paw Paw St., Ste 303, Paw Paw, MI 49079.

## GENERAL ALLEGATIONS

9. On information and belief, the Real Property is a beachfront vacation home located on Lake Michigan.

10. On information and belief, the Real Property is not, and has never been, David Jankowski's primary residence.

11. Pursuant to a quitclaim deed dated February 25, 2009 and recorded with the Van Buren County Register of Deeds on September 23, 2009 (*Exhibit A-Quitclaim Deed)*, David Jankowski became the sole owner of the Real Property.

12. On information and belief, David Jankowski remains the sole owner of the Real Property as of this date.

13. On June 7, 2017, an indictment was issued in *United States of America v. Jankowski et. al.*, Case No. 2:17-cr-20401, in which David Jankowski was charged in the Eastern District of Michigan with one count of Conspiracy to

Distribute and Possess with Intent to Distribute Controlled Substances under *21 U.S.C §§ 841(a)(1), 846,* six counts of Unlawful Distribution of Controlled Substances under *21 U.S.C. §§ 841(a)(1),* and six counts of Health Care Fraud under *18 U.S.C. § 1347. Id.*, at *ECF No. 1*.

14. Pursuant to a second superseding indictment issued on September 24, 2019, David Jankowski was charged with an additional thirty counts of Unlawful Distribution of Controlled Substances under *21 U.S.C. § 841(a)(1)* and an additional thirteen counts of Health Care Fraud under *18 U.S.C. § 1347. Id.*, at *ECF No. 69*.

15. On July 11, 2022, David Jankowski was ultimately found guilty by the jury of 30 of 32 counts. *Id.* at *ECF No. 178*.

16. Pursuant to a judgment dated April 27, 2023, David Jankowski was sentenced to 240 months of incarceration, and was ordered to pay a special assessment of $3,000.00 and criminal restitution of $5,200,000. *Id.*, at *ECF No. 253*.

17. Upon pronouncement of this sentence, liens arose against all property rights belonging to David Jankowski under *18 U.S.C. §3613* ("the Lien"); the Lien was perfected by recordation of a notice of lien with the Van Buren County Register of Deeds on May 1, 2023. *Exhibit B-Notice of Lien*.

18. According to a statement dated May 1, 2023, the principle balance of the Fifth Third Mortgage was $435,636.87 as of that date. *Exhibit C-May 1, 2023 Mortgage Statement*.

19. The balance of the Fifth Third Mortgage principle is less than $435,636.87 as of this date.

20. The United States Marshall Service obtained a real estate appraisal of the Real Property which valued it at $3,000,000 as of December 22, 2022. *Exhibit D-Real Estate Appraisal*.

21. On information and belief, the fair market value of the Real Property is at least $2,000,000.00.

22. As of the date of the filing of this Complaint, $4,614,158.90 remains outstanding on David Jankowski's criminal debt[1].

---

[1] As of the date of the filing of this Complaint, the Clerk's official record indicates that David Jankowski owes $1,929,997.45 of the $5,200,000.00. However, this includes certain sale proceeds of $2,684,161.45 being held by the Clerk in escrow that have not yet been applied to his debt (See Case No. 17-cr-20401 at *ECF No. 250*).

## COUNT I-FORECLOSURE OF LIEN UNDER 28 U.S.C. §§ 2001-2003

23. The allegations of paragraphs one (1) through twenty (22) are incorporated by reference.

24. The United States' lien arose against David Jankowski at sentencing and attached to his interest in the Real Property pursuant to *18 U.S.C. §3613*.

25. Pursuant to *28 U.S.C. §§ 2001-2003*, the United States seeks to foreclose its liens and to sell the Real Property, free and clear of liens and encumbrances so that the net proceeds can be applied to the debt.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States requests this court to:

A. Order the foreclosure of the federal liens and judgments and order that David Jankowski's interest in the Property be sold free and clear of all liens, claims, and encumbrances, and in accordance with the law and practices of this Court;

B. Order that the proceeds of sale of the Property be distributed in the following order: (a) costs and expenses incurred in connection with the sale; (b) any valid taxes or assessments on the Property; (c) any prior recorded liens; (d) the remainder to the United States in partial satisfaction of David Jankowski's outstanding debt in this case; and

C. Grant to the United States any other relief circumstances may require, as the Court deems just and proper.

Respectfully submitted,

DAWN N. ISON
United States Attorney

By:/s/*Peter F. Schneider*
Peter F. Schneider
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9100
E-mail: peter.schneider@usdoj.gov
MI Bar Number: P75256