UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Civil Action No. 24-11439

v.                                     David R. Grand[1]
                                     United States Magistrate Judge

DAVID JANKOWSKI, *et al.*,

                Defendants.
_____/

**ORDER ON THE UNITED STATES' MOTION TO
STRIKE THIRD-PARTIES' OBJECTIONS (ECF No. 77)**

**Background**

The Court has explained in detail the relevant background of this matter (ECF No. 61, PageID.355-58), which it incorporates herein by reference. For purposes of this Order, it suffices to say that: (1) the United States of America commenced this action to foreclose a criminal judgment lien (the "Lien") it holds on real property owned by David Jankowski ("Jankowski") located at 301 N. Shore, South Haven, Michigan 48090 (the "Property"); (2) the United States is preparing to close on that sale to a third-party buyer in the immediate future (ECF No. 81, PageID.488) and has submitted a proposed "Order Confirming and Authorizing" that sale which addresses how the sale proceeds shall be distributed (the "Proposed Order"); (3) non-parties related to Jankowski, SH Real Estate Associates LLC, Paula Jankowski ("Paula")[2], and Stephen Jankowski ("Jankowski

---

[1] The parties have consented to my authority pursuant to 28 U.S.C. § 636(c). (ECF No. 16).

[2] Paula previously sought to intervene in this action "to litigate her marital interest in the proceeds

Objectors") have filed an "Objection to and Request to Modify" that Proposed Order (ECF No. 76) (the "Objection"); and (4) the United States has filed a motion to strike the Objection (ECF No. 77).

Importantly, the Jankowski Objectors make clear that they do not object to the Property's sale. Rather, they object to the provisions in the United States' Proposed Order that deal with how the sale proceeds are to be distributed. (ECF No. 84, PageID.522-23 ("The issue is whether or not the Third Parties' expenses related to the Property should be reimbursed. That is the sum and substance of their Objection to the government's proposed Order. Not that the sale should not take place, but more, how the proceeds from the sale are to be distributed."); *see also* ECF No. 83, PageID.512 ("[Paula] does not object to the sale ….")). More specifically, the Jankowski Objectors claim that they incurred certain expenses over the last number of years to maintain the Property, and that, "as a matter of equity," those amounts should be "reimbursed" to them out of the sale proceeds, as they view themselves as having "stepped into the role of the [United States Marshals Service]

---

from the sale of the Subject Property." (ECF No. 35, PageID.140). The Court denied Paula's motion to intervene because she had "not demonstrated that she has a substantial legal interest in the Property," and her husband, defendant Jankowski, "is able to adequately represent" any such interest. (ECF No. 61, PageID.364). Paula has appealed that ruling to the United States Court of Appeals for the Sixth Circuit (ECF No. 67), and her appeal remains pending. The United States' Proposed Order specifies that the "net sale proceeds" – the amount of which is unclear – will be "placed in escrow with the Clerk of Court" pending further order of the Court. Because Paula's instant "objection" is independent of any marital interest she may have in the Property or the proceeds of its sale, the pendency of her appeal does not divest the Court of jurisdiction to consider her objection or the United States' motion to strike it. *See Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995) ("It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal."). Moreover, as discussed below, Paula does not object to the Property's sale.

and paid for expenses for the [P]roperty including its maintenance, security, insurance, and customarily paid expenses like the utilities, mortgage, etc. pending the sale of the [P]roperty." (ECF No. 76, PageID.450-52).  From the Jankowski Objectors' point of view, they "incurred expenses to the benefit of the government." (*Id.*, PageID.451).

The United States has moved to "strike" the Jankowski Objectors' Objection, arguing that they "are not properly before this Court" and are not entitled to an "advisory opinion" as to their request for what the United States (in a later filing) characterizes as an "equitable lien" on the proceeds from the Property's sale.  (ECF No. 77, PageID.462-63; ECF No. 85, PageID.539).  The United States also urges the Court to reject the Jankowski Objectors' attempt to compare themselves to the United States Marshals Service, which is statutorily entitled under 28 U.S.C. § 1921 to recover costs it incurred in maintaining and readying the Property for sale.  (ECF No. 77, PageID.464).  Rather, the United States argues that the "primary beneficiary of [the Jankowski Objectors'] labors" is Jankowski, as he may ultimately "be able to pay slightly more towards his restitution debt to due to [their] contributions …." (*Id.*).

In response to the United States' motion, the Jankowski Objectors assert that they "were obliged to keep the South Haven Property in good condition for the government, pay for the utilities and insurance, and pay the government a percent of the rental fees received for the majority of the period between 2017 and September 2024."  (ECF No. 84, PageID.523).  Indeed, in Jankowski's criminal case, he and the United States agreed (and an Order to Pay was entered) that Jankowski, "individually, or through his agents, advisors, or assigns," *i.e.*, the Jankowski Objectors, would pay "any mortgage(s), taxes, assessments,

insurance premiums, and any other ordinary charges or encumbrances associated with the Property (ex: utilities, water, sewer, repairs, etc.), when due," and keep the Property in good repair …." (Case No. 17-20401, ECF No. 270, PageID.5103; ECF No. 272). They also agreed to pay over to the Court Clerk 80% of any rental income received. (*Id.*). And, they agreed to provide an accounting of the receipts and expenses. (*Id.*). Nothing in the agreement or Order to Pay indicated that payments made by the Jankowski Objectors would be subject to reimbursement if and when the Property was sold. (*Id.*). Thus, in its reply brief in support of its motion to strike, the United States characterizes the Jankowski Objectors' payments as "voluntary," such that finding an "equitable lien" would not be warranted. (ECF No. 85, PageID.540-42).

**Discussion**

As to the United States' motion to strike the Jankowski Objectors' Objection, the Court will proceed as follows at this time. Because it is now (if it was not before) clear that the Jankowski Objectors are not objecting to the Property's sale moving forward, the Court hereby **GRANTS** the United States' motion insofar as the Objection could be construed as objecting to the sale of the Property. This will allow the planned sale to move forward to closing.

However, as to the Jankowski Objectors' assertion that they are entitled to reimbursement for certain payments they made to maintain the Property during the period in question, the Court will **HOLD IN ABEYANCE** the United States' motion to strike, and will revise the Proposed Order accordingly. The Court will schedule a hearing on the motion to strike, and in the interim, the Jankowski Objectors and the United States shall

4

meet and confer in a good faith attempt to resolve the issue.

Accordingly, **IT IS ORDERED** that the United States' motion to strike the Jankowski Objectors' Objection **(ECF No. 77)** is **GRANTED IN PART AND HELD IN ABEYANCE IN PART** as stated above.

Dated: February 13, 2026                s/David R. Grand
Ann Arbor, Michigan                     DAVID R. GRAND
                                        United States Magistrate Judge

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2026.

                                        s/Julie Owens
                                        JULIE OWENS
                                        Case Manager